**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brent Allen PIEARCY, Defendant–
Appellant.**

**No. 11–30361.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 23, 2014.*

Filed Sept. 30, 2014.

Helen J. Brunner, Esquire, Assistant U.S. Jerrod C. Patterson, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

John Robert Carpenter, Esquire, Assistant Federal Public Defender, FPDWA–Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

 

Before: W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Brent Allen Piearcy appeals his guilty-plea conviction for failure to register and update his sex offender registration under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). Piearcy challenges the district court's denial of his motions to dismiss the indictment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see United States v. Cabrera–Gutierrez*, 756 F.3d 1125, 1129 (9th Cir. 2014), and we affirm.

Piearcy first contends that SORNA violates the non-delegation doctrine because it allows the Attorney General to legislate SORNA's retroactive application. This contention is foreclosed. *See United States v. Richardson*, 754 F.3d 1143, 1146 (9th Cir.2014) (per curiam) ("SORNA's delegation of authority to the Attorney General to determine the applicability of SORNA's registration requirements to pre-SORNA sex offenders is consistent with the requirements of the non-delegation doctrine.").

Piearcy next contends that Congress did not have the power to enact SORNA. This contention is also foreclosed. *See Cabrera–Gutierrez*, 756 F.3d at 1129–32 (Congress had the power under the Commerce and Necessary and Proper Clauses to enact SORNA and its registration requirement).

Finally, Piearcy contends that imposing SORNA's registration requirements on pre-SORNA offenders like him violates the Ex Post Facto Clause. This contention is

foreclosed by *United States v. Elk Shoulder*, 738 F.3d 948, 953–54 (9th Cir.2013), cert. denied, —— U.S. ——, 134 S.Ct. 1920, 188 L.Ed.2d 944 (2014).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).